**KOLLER LAW PC**
David M. Koller, Esq. (90119)
Erin W. Grewe, Esq. (313787)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
(215) 545-8917 (phone)
(215) 575-0826 (fax)

ATTORNEYS FOR PLAINTIFF

## UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHERI MINARSKY** | : CIVIL ACTION NO: |
| **11166 Forest Lake Road** | : |
| **Montrose, PA 18801** | : |
| | : |
| **Plaintiff,** | : HON. |
| | : |
| **v.** | : |
| | : |
| **SUSQUEHANNA COUNTY** | : COMPLAINT AND JURY DEMAND |
| **105 Maple Street** | : |
| **Montrose, PA 18801** | : |
| | : |
| **and** | : |
| | : |
| **THOMAS YADLOSKY, JR.** | : |
| **133 Mountain Laurel Drive** | : |
| **Clifford Township, PA 18421** | : |
| | : |
| **Defendants.** | : |
| | : |

Plaintiff, Sheri Minarsky (hereinafter "Plaintiff"), by and through her counsel, Koller

Law, P.C., brings the instant action against her former employer, Susquehanna County

(hereinafter the "County"), and her former supervisor, Thomas Yadlosky, Jr. (hereinafter

"Yadlosky") (and collectively "Defendants") and avers the following:

### THE PARTIES

1.  The allegations contained in the foregoing paragraphs of this Complaint are incorporated

by reference herein as if the same were set forth at length.

2. Plaintiff is an adult female who resides at 11166 Forest Lake Road, Montrose, Pennsylvania 18801.

3. Defendant Susquehanna County (the "County") is a political subdivision of the Commonwealth of Pennsylvania and is a Sixth Class County under Pennsylvania law. The County performs many governmental functions, including, but not limited to, the operation of Veterans Affairs located at 81 Public Avenue, P.O. Box 218, Montrose, Pennsylvania 18801.

4. Defendant, Thomas Yadlosky, Jr. ("Yadlosky"), upon information and belief, resides at 133 Mountain Laurel Drive, Clifford Township, Pennsylvania 18421.

5. The County is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964 because it is engaged in an industry affecting interstate commerce and because it maintains or maintained fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

6. At all times relevant hereto, the County acted by and through its agents, servants, and employees, each of whom acted within the scope of his or her job responsibilities.

7. At all times relevant hereto, the County employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment which forms the basis of Plaintiff's allegations in the instant Complaint.

8. At all times relevant hereto, the County employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these

individuals engaged in the pattern and practice of discriminatory and retaliatory treatment which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

9. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

10. The Court may properly maintain personal jurisdiction over Defendants in this case because Defendants had contacts with this state and this judicial district sufficient for the exercise of jurisdiction over these Defendants in order to comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

11. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

12. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

13. Venue is properly laid in the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendants are located in and/or regularly conduct business in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by

reference herein as if the same were set forth at length.

15. Plaintiff exhausted her administrative remedies under Title VII and the PHRA. Butterbaugh v. Chertoff, 479 F. Supp. 2d 485 (W.D. Pa. 2007).

16. On or about March 4, 2014, Plaintiff filed a timely written Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") alleging gender discrimination and sexual harassment in violation of Title VII against Defendants. A true and correct copy of this Charge is attached hereto as Exhibit "A".

17. The Charge was assigned a Charge Number of 530-2014-01921 and was duly filed with the Pennsylvania Human Relations Commission ("PHRC"). See Ex. A.

18. On or about July 22, 2014, the EEOC issued a Dismissal and Notice of Rights ("Right to Sue").  A true and correct copy of this Right to Sue is attached hereto as Exhibit "B".

19. Plaintiff files the instant Complaint within ninety (90) days of her receipt of the Right to Sue.

20. Prior to filing this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

21. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## PLAINTIFF'S EMPLOYMENT HISTORY

22. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

23. In or around September 2009, the County hired Plaintiff in the position of Secretary of Veterans Affairs at the County Office Building, 81 Public Avenue, P.O. Box 218, Montrose, Pennsylvania 18801.

24. At the time of her hire, Yadlosky was Plaintiff's direct supervisor.

25. Plaintiff applied for and accepted a job with the County to pay for her minor daughter's medical bills.

### Yadlosky Repeatedly Sexually Harassed Plaintiff

26. At some point either before or after Plaintiff's hire, Yadlosky became aware of Plaintiff's vulnerable financial position, and that she needed her job in order to provide continuing medical care for her minor daughter.

27. Yadlosky used Plaintiff's vulnerable financial position to sexually harass her without fear of her reporting his actions.

28. Approximately four to five (4-5) weeks after the County hired Plaintiff, Yadlosky began making unwanted sexual advances toward Plaintiff.

29. He repeatedly tried to kiss Plaintiff on the mouth when she worked with him.

30. Yadlosky also constantly tried to touch and hug Plaintiff without her permission.

31. Plaintiff refused Yadlosky's physical advances each time.

32. Thereafter, around Christmas time each year, Yadlosky brought mistletoe to the office.

33. Yadlosky would then ask Plaintiff and the other females in the office to kiss him.

34. At all times, Plaintiff refused Yadlosky's unwanted sexual advances.

35. Yadlosky also sent emails from his work account to Plaintiff's work account of a sexually explicit nature.

36. Plaintiff did not respond to these emails.

### Yadlosky Repeatedly Called Plaintiff at her Home

37. On Plaintiff's days off, Tuesdays and Thursdays, Yadlosky consistently called Plaintiff at her home.

38. Although Yadlosky would pretend that the purpose of the calls were work related, he would question Plaintiff about what she was doing and whether she had been sleeping.

39. If Plaintiff avoided or did not answer Yadlosky's calls, he would become hostile when she returned to work the next day.

40. Yadlosky then would interrogate Plaintiff about why she had been unable to speak with him when he called her home.

### Yadlosky Tried to Control Who Plaintiff Interacted With at the Office

41. Yadlosky also began acting possessive toward Plaintiff at the office.

42. Any time she would leave for lunch, Yadlosky would question Plaintiff as to where she was going for lunch and with whom she was eating.

### Plaintiff Told Yadlosky to Stop Sexually Harassing Her

43. On July 10, 2013, Plaintiff emailed Yadlosky regarding his unwanted touching.

44. In this email, Plaintiff wrote, "I want to just let you know how uncomfortable I am when you hug, touch and kiss me.  I don't think this is appropriate at work, and I don't want to go to Sylvia.  I would rather resolve this ourselves."

45. Yadlosky responded to Plaintiff that he was affectionate toward those people with whom he was close.

46. The following day, Yadlosky confronted Plaintiff in person regarding the email she had sent him.

### Plaintiff's Coworker Reported Yadlosky's Sexual Harassment of Plaintiff

47. On or about July 11, 2013, Plaintiff's coworker reported to the County that Yadlosky was sexually harassing Plaintiff.

6

## The County Did Nothing to Stop Yadlosky's Sexual Harassment

48. Upon information and belief, the County was aware of Yadlosky's sexual harassment of Plaintiff and the other females in the office prior to Plaintiff's coworker's complaint.

49. Other females previously reported that Yadlosky hugged or kissed them without their permission, but the County did not investigate or address Yadlosky's behavior.

50. The County did not terminate Yadlosky or issue him any written discipline.

51. Upon information and belief, the County only issued Yadlosky two (2) verbal warnings.

## One Week Later, the County Terminated Plaintiff

52. On or about July 18, 2013, only one (1) week after Plaintiff's coworker reported Yadlosky's sexual harassment of Plaintiff, the County terminated Plaintiff.

53. Upon information and belief, the County terminated Plaintiff in retaliation for her coworker's complaint of sexual harassment.

## COUNT I - GENDER DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED
### (Minarsky v. the County)

54. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

55. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of her gender (female).

56. As a result of Defendants' unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II - SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED
#### (Minarsky v. the County)

57. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

58. The foregoing conduct created a sexually hostile work environment for Plaintiff.

59. Plaintiff suffered intentional discrimination because of her sex.

60. Defendants subjected Plaintiff to unwelcome conduct of a sexual nature that was severe and pervasive.

61. The harasser was Yadlosky, who was Plaintiff's supervisor and thus was above Plaintiff in the chain of command.

62. The discrimination detrimentally affected Plaintiff.

63. Plaintiff suffered tangible employment actions as alleged herein.

64. The discrimination would detrimentally affect a reasonable woman in Plaintiff's position.

65. *Respondent superior* liability exists such that the County is strictly liable for the actions of Yadlosky.

66. The County knew or reasonably should have known of the sexual harassment.

67. The County failed to exercise reasonable care to prevent and promptly correct the harassing behavior of Yadlosky.

68. As a result of Defendants' conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

69. The County is not entitled to an affirmative defense.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT III - SEXUAL HARASSMENT – *QUID PRO QUO*
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED
### (Minarsky v. the County)

70. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

71. Plaintiff is a member of a protected class (female).

72. Plaintiff was subject to unwelcome conduct by her supervisor, Yadlosky.

73. The conduct was intentional and based upon Plaintiff's gender.

74. Submission to the unwelcome conduct and sexual advances was a condition of Plaintiff's employment.

75. As a result, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV - RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED
### (Minarsky v. the County)

76. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

77. Plaintiff engaged in activity protected by Title VII when she complained to her supervisor about his sexual harassment and hostile work environment, and when a coworker complained on her behalf on or around July 11, 2013.

78. Thereafter, Defendants took adverse employment actions against Plaintiff, including but not limited to termination.

79. There exists a causal connection between Plaintiff's participation in the protected activity and

the adverse employment action.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT V – GENDER DISCRIMINATION
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
### (Minarsky v. All Named Defendants)

80. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

81. Plaintiff is a member of protected classes in that she is female.

82. Plaintiff was qualified to perform the job for which she was hired: Secretary.

83. Defendants sexually harassed Plaintiff.

84. Defendants discriminated against Plaintiff on the basis of her gender.

85. Defendants created a hostile work environment in violation of the law.

86. Plaintiff suffered adverse job actions, including, but not limited to, termination.

87. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

88. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

89. No legitimate, non-discriminatory reasons exist for the above-cited adverse employment actions that Plaintiff suffered.

90. The reasons cited by Defendants for the above-cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VI – RETALIATION
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
### (Minarsky v. All Named Defendants)

91. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

92. Plaintiff engaged in activity protected by the PHRA when she complained to her supervisor about his sexual harassment and hostile work environment, and when a coworker complained on her behalf on or around July 11, 2013.

93. Thereafter, Defendants took adverse employment actions against Plaintiff, including but not limited to termination.

94. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Minarsky v. All Named Defendants)

95. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

96. Defendants, by their conduct as aforesaid, intentionally subjected Plaintiff to ongoing and severe emotional distress.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VI – NEGLIGENT HIRING AND RETENTION
### (Minarsky v. the County)

97. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if

the same were set forth more fully at length herein.

98. The County, by its conduct as aforesaid, knew or should have known that Yadlosky was dangerous, careless and incompetent and such employment would create a situation where his conduct was harmful to Plaintiff.

99. The County breached its duty to protect Plaintiff against a risk of harm.

100.    The risks of harm were reasonably foreseeable.

101.    Plaintiff has suffered damages as a direct result of Defendants' unlawful actions.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Sheri Minarsky, requests that the Court grant her the following relief against Defendants:

(a)     Damages for past and future monetary losses as a result of Defendants' unlawful discrimination;

(b)     Compensatory damages;

(c)     Punitive damages;

(d)     Liquidated damages;

(e)     Emotional pain and suffering;

(f)     Reasonable attorneys' fees;

(g)     Recoverable costs;

(h)     Pre and post judgment interest;

(i)     An allowance to compensate for negative tax consequences;

(j)     A permanent injunction enjoining Defendants, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct,

employment practices which discriminate in violation of Title VII and the PHRA.

(k) Order Defendants to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(l) Order Defendants to make Plaintiff whole by providing appropriate back-pay with prejudgment interest, in amounts to be proven at trial, to the extent possible for Plaintiff, reinstatement to her position having compensation, responsibility, and duties, commensurate with her education, experience, and skills, and appropriate damages awarded;

(m) Order Defendants to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for her adverse actions, disciplines, and termination; and

(n) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,
KOLLER LAW, P.C.

Dated: October 20, 2014     By:

David M. Koller, Esq. (90119)
Erin W. Grewe, Esq. (313787)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
215-575-0826 fax
Counsel for Plaintiff

# EXHIBIT A

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 530-2014-01921 |

Pennsylvania Human Relations Commission _____ and EEOC

_State or local Agency, if any_

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Sheri Minarsky | 570-553-4343 | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 11166 Forest Lake Road | Montrose, PA 18801 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Susquehanna County | 15+ | 570-278-4600 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 105 Maple Street | Montrose, PA 18801 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Thomas Yadlosky, Jr. | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 133 Mountain Laurel Drive | Clifford Township, PA 18421 | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|

DISCRIMINATION BASED ON (Check appropriate box(es).):
☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 09/2009    Latest: 07/2013
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

In or about September 2009 Susquehanna County hired me in the position of Secretary of Veterans Affairs located at the County Office Building, 81 Public Avenue/PO Box 218, Montrose, PA 18801. At that time, Thomas Yadlosky, Jr., Director of Veterans Affairs, was my supervisor.

I initially accepted a position with Susquehanna County to pay for my minor daughter's medical bills. Mr. Yadlosky was aware of my vulnerable financial position and used it to sexually harass me. Approximately 4-5 weeks after Respondent hired me, Mr. Yadlosky began to make unwanted sexual advances toward me. He tried to kiss me on the lips whenever I worked with him. Around Christmas-time each year, Mr. Yadlosky brought mistletoe to the office and asked me and other females in the office to kiss him. At all times, I refused Mr. Yadlosky's unwanted sexual advances.

Mr. Yadlosky also called me at home on my days off. He pretended to look for a file at the office, and then proceeded to ask me about what I was doing and whether I was sleeping. When I avoided Mr. Yadlosky's calls to my home, he became hostile when I returned to work, asking what I was doing that I did not answer his phone calls. At the office, Mr. Yadlosky acted possessive toward me. He routinely asked me questions about where I was going to lunch and with whom I was eating lunch.

See attached for continuation of Charge of Discrimination

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

2-24-2014 _____ _Sheri A. Minarsky_
Date _____ Charging Party Signature

FILE COPY

**Sheri Minarsky v. Susquehanna County**
**Page 2 of 2**

Upon information and belief, Respondent was aware of Mr. Yadlosky's sexual harassment of me and of other female employees. However, Respondent only issued Mr. Yadlosky two (2) verbal warnings. Respondent did nothing to remove Mr. Yadlosky from its employment.

On numerous occasions from October 2009 through July 2013, Thomas Yadlosky, my supervisor, made unwanted sexual advances toward me. Each and every time, I rejected Mr. Yadlosky's unwanted sexual advances. In fact, on or about July 10, 2013, I sent Mr. Yadlosky an email, instructing him to stop touching me.

Mr. Yadlosky was in a direct supervisory position over me. He directly discriminated against me on the basis of my sex (female).

I believe the Respondent, Susquehanna County and Thomas Yadlosky, Jr., has discriminated against me on the basis of my sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC
PHILADELPHIA D.O.
2014 MAR -4  A 9:50

| | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the above is true and correct. | SIGNATURE OF COMPLAINANT |
| | |
| *2-24-2014*          *Sheri A. Minarsky* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| Date          Charging Party Signature | |

# EXHIBIT B

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Sheri Minarsky<br>11166 Forest Lake Road<br>Montrose, PA 18801 | From: Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|
| EEOC Charge No.<br><br>530-2014-01921 | EEOC Representative<br>Legal Unit,<br>Legal Technician | Telephone No.<br><br>(215) 440-2828 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

|  |  |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [X] | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u>** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

_____          July 22, 2014

**Spencer H. Lewis, Jr.,**                                         *(Date Mailed)*
**District Director**

Enclosures(s)

cc:
Thomas F. Meagher, III
Solicitor
SUSQUEHANNA COUNTY
105 Maple Street
Montrose, PA 18801

Erin W. Grewe, Esquire
KOLLER LAW OFFICES
2043 Locust Street
Suite 1-B
Philadelphia, PA 19103