UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHERI MINARSKY, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION - LAW |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| SUSQUEHANNA COUNTY | : | JUDGE: ROBERT D. MARIANI |
| AND | : | |
| THOMAS YADLOSKY, JR, | : | |
| | : | |
| Defendants | : | NO. 3:14-CV-02021 |

## DEFENDANT SUSQUEHANNA COUNTY'S PROPOSED JURY INSTRUCTIONS

1. <u>Preliminary Instructions — Credibility of Witnesses</u>

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

1

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that bear on believability.

Approved_____  Denied_____  Approved as Modified_____

Authority: *Model Third Circuit Instructions, 1.7 Preliminary Instructions—Credibility of Witnesses*

2.  Preliminary Instructions — Preponderance of the Evidence

This is a civil case. Sheri Minarsky is the party who brought this lawsuit. Susquehanna County and Thomas Yadlosky are the parties against whom the lawsuit was filed. Sheri Minarsky has the burden of proving her case by what is called the preponderance of the evidence. That means Sheri Minarsky has to prove to you, in light of all the evidence, that what she claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Sheri Minarsky and the evidence favorable to Susquehanna County and Thomas Yadlosky on opposite sides of the scales, Sheri Minarsky would have to make the scales tip somewhat on her side. If Sheri Minarsky fails to meet this burden, the verdict must be for Susquehanna County and/or Thomas Yadlosky. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

On certain issues, called affirmative defenses, Susquehanna County has the burden of proving the elements of the defense by a preponderance of the evidence. I will instruct you on the facts that will be necessary for you to find on this affirmative defense. An affirmative defense is proven if you find, after considering all evidence in the case, that Susquehanna County has succeeded in proving that the required facts are more likely so than not so.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.


Approved_____   Denied_____   Approved as Modified_____

Authority: *Model Third Circuit Instructions, 1.10 Preliminary Instructions— Preponderance of the Evidence*

3. <u>Elements of a Title VII Claim—Harassment—Hostile Work Environment—No Tangible Employment Action</u>

Sheri Minarsky claims that she was subjected to harassment by Thomas Yadlosky and that this harassment was motivated by Sheri Minarsky's sex.

Susquehanna County is liable for the actions of Thomas Yadloksy in Sheri Minarsky's claim of harassment if Sheri Minarsky proves all of the following elements by a preponderance of the evidence:

First: Sheri Minarsky was subjected to harassment by Thomas Yadloksy.

Second: Thomas Yadloksy's conduct was not welcomed by Sheri Minarsky.

Third: Thomas Yadloksy's conduct was motivated by the fact that Sheri Minarsky is a woman.

Fourth: The conduct was so severe or pervasive that a reasonable person in Sheri Minarsky's position would find Sheri Minarsky's work environment to be hostile or abusive. This element requires you to look at the evidence from the point of view of a reasonable woman's reaction to Sheri Minarsky's work environment.

Fifth: Sheri Minarsky believed her work environment to be hostile or abusive as a result of Thomas Yadloksy's conduct.

If any of the above elements has not been proved by a preponderance of the evidence, your verdict must be for Susquehanna County and you need not proceed further in considering this claim. If you find that the elements have been proved, then you must consider Susquehanna County's affirmative defense. I will instruct you now on the elements of that affirmative defense.

You must find for Susquehanna County if you find that Susquehanna County has proved both of the following elements by a preponderance of the evidence:

First: Susquehanna County exercised reasonable care to prevent harassment in the workplace on the basis of sex, and also exercised reasonable care to promptly correct any harassing behavior that does occur.

Second: Sheri Minarsky unreasonably failed to take advantage of any preventive or corrective opportunities provided by Susquehanna County.

Proof of the four following facts will be enough to establish the first element that I just referred to, concerning prevention and correction of harassment:

    1. Susquehanna County had established an explicit policy against harassment in the workplace on the basis of sex.

    2. That policy was fully communicated to its employees.

    3. That policy provided a reasonable way for Sheri Minarsky to make a claim of harassment to higher management.

    4. Reasonable steps were taken to correct the problem, if raised by Sheri Minarsky.

On the other hand, proof that Sheri Minarsky did not follow a reasonable complaint procedure provided by Susquehanna County will ordinarily be enough to establish that Sheri Minarsky unreasonably failed to take advantage of a corrective opportunity.

Approved_____ Denied_____ Approved as Modified_____

Authority: *Model Third Circuit Instructions, 5.1.5 Elements of a Title VII Claim — Harassment — Hostile Work Environment — No Tangible Employment Action*

4.  <u>Title VII Damages — Compensatory Damages — General Instruction</u>

I am now going to instruct you on damages.  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not Susquehanna County should be held liable.

If you find by a preponderance of the evidence that Susquehanna County intentionally discriminated against Sheri Minarsky by allowing a hostile work environment, then you must consider the issue of compensatory damages.  You must award Sheri Minarsky an amount that will fairly compensate her for any injury she actually sustained as a result of Susquehanna County's conduct. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put Sheri Minarsky in the position she would have occupied if the discrimination had not occurred. Sheri Minarsky has the burden of proving damages by a preponderance of the evidence.

Sheri Minarsky must show that the injury would not have occurred without Susquehanna County's act. Sheri Minarsky must also show that Susquehanna County's act played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of Susquehanna County's act. This test — a substantial part in bringing about the injury — is to be distinguished from the test you must employ in determining whether Susquehanna County's acts were motivated by discrimination. In other words, even assuming that Susquehanna County's acts were motivated by discrimination, Sheri Minarsky is not entitled to damages for an injury unless Susquehanna County's discriminatory acts actually played a substantial part in bringing about that injury.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that Sheri Minarsky experienced as a consequence of Susquehanna County's allowing a hostile work environment. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

I instruct you that in awarding compensatory damages, you are not to award damages for the amount of wages that Sheri Minarsky would have earned, either in the past or in the future, if she had continued in employment with Susquehanna County. These elements of recovery of wages that Sheri Minarsky would have received from Susquehanna County are called "back pay" and "front pay". Under the applicable law, the determination of "back pay" and "front pay" is for the court.

You may award damages for monetary losses that Sheri Minarsky may suffer in the future as a result of Susquehanna County's allowing a hostile work environment.

As I instructed you previously, Sheri Minarsky has the burden of proving damages by a preponderance of the evidence. But the law does not require that Sheri Minarsky prove the amount of her losses with mathematical precision; it requires only as much definiteness and accuracy as circumstances permit.

You are instructed that Sheri Minarsky has a duty under the law to "mitigate" her damages--that means that Sheri Minarsky must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by Susquehanna County. It is Susquehanna County's burden to prove that Sheri Minarsky has failed to mitigate. So if Susquehanna County persuades you by a preponderance of the evidence that Sheri Minarsky failed to take advantage of an opportunity that was reasonably available to her then you must reduce the amount of Sheri Minarsky's damages by the amount that could have been reasonably obtained if she had taken advantage of such an opportunity.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

Approved_____ Denied_____ Approved as Modified_____

Authority: *Model Third Circuit Instructions, 5.4.1 Title VII Damages—Compensatory Damages — General Instruction*

5. <u>Title VII Damages — Nominal Damages</u>

If you return a verdict for Sheri Minarsky, but Sheri Minarsky has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $ 1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if she suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

Approved_____ Denied_____ Approved as Modified_____

Authority: *Model Third Circuit Instructions, 5.4.5 Title VII Damages — Nominal Damages*

                                      Respectfully submitted,

                                    KREDER BROOKS HAILSTONE LLP

220 Penn Avenue, Suite 200
Scranton, PA 18503         By:  */s/ Dana M. Zlotucha*
(570) 346-7922                     Dana M. Zlotucha, Esquire
                                            Attorney I.D. #312346
                                            Attorney for Defendant Susquehanna County

Dated: January 11, 2019

<u>CERTIFICATE OF SERVICE</u>

AND NOW, this 11th day of January, 2019, Dana M. Zlotucha, a member of the firm of Kreder Brooks Hailstone LLP, served the foregoing DEFENDANT SUSQUEHANNA COUNTY'S PROPOSED JURY INSTRUCTIONS upon the undersigned counsel by electronic mail at the following address(es):

DAVID M. KOLLER, ESQUIRE
LAW OFFICES OF KOLLER LAW, P.C.
2043 LOCUST STREET, STE 1B
PHILADELPHIA, PA 19103
davidk@kollerlawfirm.com
*ATTORNEYS FOR PLAINTIFF*

STEPHANIE J. MENSING, ESQUIRE
MENSING LAW LLC
1635 MARKET STREET, SUITE 1600
PHILADELPHIA, PA 19103
stephanie@mensinglaw.com
*ATTORNEYS FOR PLAINTIFF*

GERALD J. HANCHULAK, ESQUIRE
HANCHULAK LAW OFFICES, P.C.
604 SOUTH STATE STREET
CLARKS SUMMIT, PA 18411
ghanchulak@hanchulaklaw.com
*ATTORNEYS FOR DEFENDANT, YADLOSKY*

By: */s/ Dana M. Zlotucha*