UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHERI MINARSKY, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION - LAW |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| SUSQUEHANNA COUNTY | : | JUDGE: ROBERT D. MARIANI |
| AND | : | |
| THOMAS YADLOSKY, JR, | : | |
| | : | |
| Defendants | : | NO. 3:14-CV-02021 |

## TRIAL BRIEF OF DEFENDANT SUSQUEHANNA COUNTY

Defendant, Susquehanna County, through its attorneys, Kreder Brooks Hailstone LLP, hereby file the following Trial Brief in support of its defense.

I.   Statement of the Evidence

This case involves a hostile work environment claim filed by Plaintiff, Sheri Minarsky ("Minarsky"), pursuant to Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act ("PHRA").  Ms. Minarsky was a part-time secretary in the Susquehanna County Department of Veterans Affairs, having been hired in September, 2009. (County Trial Exhibit #4, Minarsky Dep. p. 2). Minarsky's immediate supervisor was Defendant Thomas Yadlosky, Jr ("Yadlosky").  (*Id* at 2-3). Plaintiff claims that Yadlosky, starting in 2009, sexually harassed her by kissing her; hugging her; rubbing back while she was operating her computer; and kissing her under mistletoe during the Christmas season.  (*Id* at 6-8).

At all times material hereto, The County of Susquehanna had a written anti-sexual harassment policy. (County Exhibit #1).  The aforesaid policy stated as follows:

GENERAL HARASSMENT POLICY OF SUSQUEHANNA COUNTY

A.   POLICY

Susquehanna County ("the County") is an equal opportunity employer, and the County makes hiring and promotional decisions without regard to an individual's race, color, sex, age, religion, national origin, ethnicity or familial relationship.  The County is committed to maintaining an environment free from harassment based upon sex, age, race, religion, national origin, ethnicity, disability, sexual preference and any other protected classification.  Such harassment in any manner or form by anyone is expressly prohibited. Retaliation against any individual for complaining about alleged harassment or for cooperating with an investigation of alleged harassment will not be tolerated and is grounds for disciplinary action up to and including discharge.

As used in this Policy, the term "retaliation" includes, but is not limited to, use of threats of physical force or the exertion of pressure or use of other threats against any individual to refrain from reporting an incident of harassment or to refuse to cooperate fully during any investigation of such a complaint of harassment.

C.   REPORTING HARASSMENT

1.   Employees and Applicants for Employment

Any employee who believes that he and she is the victim of prohibited harassment should report it to his or her immediate supervisor and/or Department Head.  If the employee is accusing his or her immediate supervisor or Department Head of prohibited harassment, the employee may report the conduct to the Chief County Clerk or a County Commissioner.

*See* Exhibit "1."

Minarsky never made any report in accordance with the County's anti-sexual harassment policy concerning Yadlosky's behavior, despite the fact that Minarsky acknowledged that she was provided with the written policy on the date that she was hired, that she had read it and that she was familiar with it. (County Exhibit #4, Minarsky Dep. p. 10). A reason Minarsky gave for not making a report about Yadlosky under the policy was that Yadlosky told her that the County Commissioners and Chief Clerk couldn't be trusted. (*Id*. p. 10). At all times material hereto, Sylvia Beamer was the Chief Clerk of The County of Susquehanna, the Officer referred to in the General Harassment Policy of Susquehanna County that complaints of harassment should be reported to, if the harassing party is the employee's supervisor.

The County of Susquehanna had given verbal warnings to Defendant Yadlosky on two (2) occasions - in 2009 when Sylvia Beamer had seen him hug a female employee (County Exhibit #6, Beamer Depo. p. 16) and, in late 2011 or early 2012, when Beamer was notified that Commissioner MaryAnn Warren had seen him hug co-employee Laura Watts. (*Id*. p. 18). No previous reports were ever made to the County from Plaintiff Minarsky.

On July 11, 2013, Minarsky, for the first and only time, addressed Yadlosky's alleged harassment by sending him an e-mail stating that she was "uncomfortable" with his hugging, touching or kissing her. She stated that "I do

not want to go to Sylvia. I would rather resolve it ourselves." (County Exhibit #2).

Minarsky never reported Yadlosky's alleged harassment to Chief Clerk Sylvia Beamer or any other Susquehanna County official. Minarsky did describe it to fellow secretary, Rachel Carrico, who reported it to her superior, R. Steven Stoud, the Public Safety Director in July, 2013. (County Exhibit #7, Carrico Depo. p. 9). Mr. Stoud immediately reported it to Chief Clerk Sylvia Beamer. (County Exhibit #6, Beamer Depo., p. 9).

When Sylvia Beamer heard Plaintiff's allegations, Mr. Yadlosky was placed under immediate suspension. Ms. Beamer gave a report to The County of Susquehanna Commissioners and interviewed the Plaintiff on July 17, 2013. Ms. Beamer interviewed Mr. Yadlosky on July 17, 2013, and he admitted that the complaints of the Plaintiff were true. (County Exhibit #6, Beamer Depo. pp. 10-13). Defendant Yadlosky was then terminated on July 18, 2013. (*Id*. p. 16). Plaintiff admits that no representative of the County ever did or said anything to discourage or disapprove of her report of Yadlosky's conduct. (County Exhibit #4, Minarsky Dep. p. 27).

Defendant Yadlosky was replaced by Matthew Thomas as the Director of the Susquehanna County Department of Veterans Affairs. Plaintiff testified that she had a very good working relationship with Mr. Thomas and did not face any

retaliatory conduct from Mr. Thomas, the Commissioners, or anyone else while Mr. Thomas was working as her supervisor.  (*Id*. p. 28).

Minarsky's only allegation of "retaliatory" conduct concerns additional work to be performed in the period of time until the County was able to hire Mr. Thomas as Yadlosky's replacement.  (*Id*. pp. 28-30).   When asked what conduct Minarsky considered to be retaliatory, she stated, "The main thing…there came a time when they were not communicating with me on how soon they would have anybody or how I was doing or what was going on.  There was no concern.  They didn't seem to worry about me at all." (*Id*. pp. 29-30). Plaintiff admits that the hiring process takes a significant period of time to hire an appropriate replacement.  (*Id*. p. 29).   Plaintiff also admits that when she spoke to the Chief Clerk about her concerns, the Chief Clerk assured her that they were working on finding a replacement.  (*Id*. pp. 30-31).

Plaintiff also admits that after Yadlosky's termination, the County hired a Human Resources director, Rich Ely, to oversee personnel issues.  (*Id*. p. 34). Minarsky admits that there no changes were made to her compensation or amount of hours she worked.  She stated that she was a member of the union and never got more or less than the union negotiated.  (*Id*. pp. 37-38, 42).   Plaintiff worked approximately three days a week and would only spend approximately one day a week in the office with Yadlosky.  Plaintiff also admits that she voluntary left her

position with the County, quitting on December 2, 2015, approximately two and a half after Yadlosky was terminated. (*Id*. p. 43).

II. Legal Issues for Trial

Plaintiff's only remaining claim against the County is a hostile work environment claim advanced pursuant to Title VII and the PHRA. To prevail on a claim for a hostile work environment, a plaintiff must show that "(1) [she] suffered intentional discrimination because of [her] sex; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected [her]; (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; and (5) the existence of *respondeat superior* liability." *Huston v. Procter & Gamble Paper Prods. Corp.*, 568 F.3d 100, 104 (3d Cir. 2009) (citations omitted). "The first four elements establish a hostile work environment, and the fifth element determines employer liability." *Mandel*, 706 F.3d at 167 (citing *Huston*, 568 F.3d at 104).

In order to establish the fifth element, if the harassment "culminates in a tangible employment action," the employer is strictly liable, but if the harassment "takes place in the absence of a tangible employment action," the employer may assert the affirmative defense that has come to be known as the Faragher-Ellerth defense. *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) and *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998); *Jones v. Southeaster Pa. Transp.*

*Authority*, 796 F. 3d 323, 328 (3d Cir. 2015). An employer can assert the Faragher—Ellerth defense by showing that it "exercised reasonable care to avoid harassment and to eliminate it when it might occur" and the complaining employee "failed to act with like reasonable care to take advantage of the employer's safeguards and otherwise to prevent harm that could have been avoided." *Id*.; *Faragher*, 524 U.S. at 805.

The evidence establishes that the harassment did not culminate in a tangible employment action. Thus, the main issue for trial is the factual evidence supporting the *Faragher-Ellerth* affirmative defense: whether the employer exercised reasonable care to prevent and promptly correct the sexually harassing behavior and whether the Plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer.

The County contends that it does not face *respondeat superior* liability for Yadlosky's alleged actions because the County exercised reasonable care to prevent and promptly correct the sexually harassing behavior, and the Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer. The County had a clear and easily understood anti-sexual harassment policy and Plaintiff admitted that she had been given a copy of the policy and that she had read it and was familiar with it. She does not dispute that she failed to ever give the County notice of harassment.

When the County did learn about Yadlosky's harassment of Minarsky, the County acted swiftly and decisively, getting Yadlosky off the premises within one day and terminating him within two days.  Plaintiff then went on to work in her same position for approximately two and a half years without any change to the terms and conditions of her employment.  She later resigned voluntarily and without notice after demanding higher pay and more hours.

Conversely, Plaintiff's actions in failing to take advantage of the County's policies was unreasonable.  Her email to Yadlosky confirms that she was aware of the anti-harassment policy, knew to whom a report could be made, but instead chose to confront Yadlosky herself.  Her assertions that she never told Yadlosky to stop his behavior out of fear are contradictory to her decision to confront him directly instead of having a County official address the issue.  Minarsky's proffered reasons for not reporting the harassment are also speculative and unsupported by the facts of this case.  Though she claims that County official "couldn't be trusted," she provides to evidence to support this assertion.  She also claims that reporting the harassment would not have made a difference.  In actuality, as soon as the County received information regarding Minarsky's situation, Yadlosky was immediately suspended and then terminated.

Based on the evidence of record, Susquehanna County submits that the jury will find in favor of the defense.

III.   Conclusion

Defendant submits that Plaintiff will be unable to meet her burden of proof at trial on based on the evidence of record.

                            Respectfully submitted,

                            KREDER BROOKS HAILSTONE LLP

220 Penn Avenue, Suite 200  
Scranton, PA 18503         By:   */s/ Dana M. Zlotucha*  
(570) 346-7922                Dana M. Zlotucha, Esquire  
                                      Attorney I.D. #312346  
                                      Attorney for Defendant Susquehanna County

Dated: January 15, 2019

CERTIFICATE OF SERVICE

AND NOW, this 15th day of January, 2019, Dana M. Zlotucha, a member of the firm of Kreder Brooks Hailstone, LLP, attorneys for Defendants, hereby certify that I have this day served the within TRIAL BRIEF OF DEFENDANT SUSQUEHANNA COUNTY by electronic filing with the Clerk of the United States District Court for the Middle District of Pennsylvania using the CM/ECF system to the party or attorney of record as follows:

DAVID M. KOLLER, ESQUIRE
LAW OFFICES OF KOLLER LAW, P.C.
2043 LOCUST STREET, STE 1B
PHILADELPHIA, PA 19103
davidk@kollerlawfirm.com
*ATTORNEYS FOR PLAINTIFF*

STEPHANIE J. MENSING, ESQUIRE
MENSING LAW LLC
1635 MARKET STREET, SUITE 1600
PHILADELPHIA, PA 19103
stephanie@mensinglaw.com
*ATTORNEYS FOR PLAINTIFF*

GERALD J. HANCHULAK, ESQUIRE
HANCHULAK LAW OFFICES, P.C.
604 SOUTH STATE STREET
CLARKS SUMMIT, PA 18411
ghanchulak@hanchulaklaw.com
*ATTORNEYS FOR DEFENDANT, YADLOSKY*

By: */s/ Dana M. Zlotucha*